HAMPSON, Judge, concurring.
I concur with the majority opinion in this case. I write separately to add that, at least in my view, our reversal of summary judgment on the question of whether Crazie Overstock's business model violates N.C. Gen. Stat. § 14-306.1A should not be construed as an indication that Crazie Overstock's business model does not violate N.C. Gen. Stat. § 14-306.1A. Rather, Crazie Overstock has generated a triable issue of fact as to whether the sale of gift certificates, in fact, constitutes the sale of a legitimate product offered in the free marketplace by a business regularly engaged in the sale of such goods or services or whether the sales of these gift certificates constitutes a mere subterfuge for illegal gaming. See American Treasures, Inc. v. State , 173 N.C. App. 170, 177, 617 S.E.2d 346, 350 (2005).
Here, Crazie Overstock has forecast evidence that a customer purchasing gift certificates receives the same face value of certificates as *10 the amount the customer paid (i.e., a $ 20 payment results in a $ 20 gift card that may be used to purchase $ 20 of merchandise, as priced by Crazie Overstock). On the other hand, the State has forecast substantial evidence calling into question the actual value received from the gift card, including, inter alia , as to Crazie Overstock's practices in the operation of the retail merchandise component of its business and in the redemption rates of the certificates themselves.
In particular then, at least in part, the question sub judice is whether "the price paid for and the value received" from the gift certificates "is sufficiently commensurate to support the determination that the sale of [gift certificates] is not a mere subterfuge to engage in [illegal gaming], whereby consideration is paid merely to engage in a game of chance." Id. at 178-79, 617 S.E.2d at 351 (concluding sale of prepaid long-distance phone cards with an attached game piece did not constitute a lottery scheme where the long-distance rate purchased was among the best in the industry).